UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shirley Cooke, | : | Case No. 1:09CV0842 |
| | : | |
| Plaintiff | : | Judge Sara Lioi |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendant | : | |

It grieves this Court to say that for the second time in a little over one week[1] this Court has encountered a Social Security disability appeal in which precipitous action by an Administrative law Judge (ALJ) and incompetent performance by a plaintiff's counsel may have combined to deprive a claimant of benefits to which she may be entitled.

The plaintiff applied for disability insurance benefits (DIB), 42 U.S.C. §§416(i), 423 and supplemental security income (SSI), 42 U.S.C. §1381 et seq., on August 15, 2005, alleging an onset date of disability of June 28, 2005. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Cervical cancer, right ankle and arm pain, asthma, high blood pressure, chest pain, headaches" and "I am unable to lift and carry things. I get severe headaches often. Sometimes my right ankle gives out on me and this

---

[1] See, Alvarez v. Commissioner of Social Security, Case No. 1:09CV0889 Report and Recommended Decision entered July 27, 2010.

makes walking difficult.  In my last job I was on my feet most of the day carrying food to the residents, this was difficult to do because I was having trouble carrying the food and walking as much as I was."

Plaintiff's right to benefits under both programs is dependent upon a showing that she is disabled, as that term is defined in the Social Security Act.  Disability is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for not less than 12 months." 42 U.S.C. §§423(d)(1), 1383c(a).  The programs differ with regard to other qualifying criteria.  The disability benefits statute requires "fully insured" status, which focuses on the period of time the claimant has worked while covered by Social Security.  The SSI program focuses on income and resources as basic eligibility factors.

Upon denial of plaintiff's claims on the state agency level hearing de novo before an Administrative Law Judge  was requested.  Evidentiary hearing, at which plaintiff was represented by counsel, was held on May 14, 2008.  Also testifying at that proceeding was a vocational expert (VE), Mr. Bruce Holderead.[2]

During the course of the hearing plaintiff's counsel advised that they were amending the plaintiff's onset date to May 1, 2006, the plaintiff's 50th birthday.[3]  The significance of this is, as the ALJ recognized, that if the plaintiff was limited to sedentary work she would be deemed disabled under the Social Security grids.  See hearing transcript p. 13.

---

[2]The hearing was conducted by video conference, with the ALJ in Falls Church, Virginia and the plaintiff, her counsel and the VE in Cleveland, Ohio.

[3]There is no mention of this modification in the ALJ's decision.  Therein the only onset date referenced is the original date of June 28, 2005.

At the very abbreviated hearing (27 minutes from the start to finish, 7½ pages of testimony from the plaintiff) the plaintiff testified to a variety of pain complaints, none of which, in this Court's opinion, compels the conclusion that she is incapable of light work activities, the level the ALJ found.

The difficulty which this Court finds in this case is that one of the plaintiff's complaints of functional limitation was that she had recently begun suffering from numbness in her left arm and hand, as a consequence of which she was scheduled to undergo cervical surgery on May 21st, one week from the hearing.  She also testified that she had recently undergone an MRI to explore the question of whether she had suffered a stroke, and was awaiting the results of that procedure.  With regard to this issue plaintiff's counsel stated "So the stroke issue still isn't cleared up and they haven't run any test subsequent to that because of the, they've got to find out first if the surgery to the cervical clears up any of these symptoms that she's experiencing."

When the VE was questioned by plaintiff's counsel he stated that if the plaintiff was severely limited in the use of the left non-dominant arm and hand she would be unable to perform light work.

The hearing transcript concludes with the ALJ stating, "Okay, I have what I need for a decision. Ms. Cooke, you'll get a decision from me some, oh, probably a month or so.  I, I used to say that it would be quicker, but the reality is that things are, are slowing down a little bit.  <u>I'll get the decision done today</u>, but it won't get out until probably for a minimum of several weeks." (Emphasis added.)

Having heard her client testify that she was undergoing surgery one week later and that she was awaiting results of an MRI exam and having herself made the statement quoted above, it is incredible to this Court that plaintiff's counsel sat mute in the face of the ALJ's statements that he

knew all he needed to render a decision and intended to reach that decision that same day. This Court cannot understand why plaintiff's counsel, to protect her client's interests, did not protest that the record should be kept open until the surgery was performed and the results known and/or the MRI report the plaintiff had alluded to could be obtained and submitted.

True to his word, the ALJ got his decision out in short order, it being entered on June 24, 2008, a little more than five weeks after the evidentiary hearing, that decision standing as the defendant's final determination consequent to denial of review by the Appeals Council on February 19, 2009.

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since June 28, 2005, the alleged onset date (20 C.F.R. §§404.1520(b), 404.1571 *et seq*., 416.920(b0 and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: cervical cancer with abdominal pain; degenerative disc disease of the cervical spine with radiating pain; and asthma (20 C.F.R. §§404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. §§404.1567(b) and 416.967(b). She can lift and/or carry 10 pounds frequently and 20 pounds occasionally. She can sit for 6 hours in an eight-hour workday. She can stand an/or walk for 6 hours in an eight-hour workday. The claimant's ability to push and pull is restricted only to the lifting and carrying limitations. She must have a sit/stand option within employer tolerances. The claimant can occasionally stoop, kneel, crawl, and bend. She cannot climb

ladders, ropes, or scaffolds. She must avoid concentrated exposure to temperature extremes, dust/fumes, and humidity. The claimant has no limitations on activities of daily living; no limitation on social interaction; mild limitations on concentration, persistence, and pace; and has experienced no episodes of decompensation. She retains the ability to perform the full range of unskilled work.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§404.1565 and 416.965).

7. The claimant was born on May 1, 1956 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§404.1563 and 416.963).[4]

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. §§404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 28, 2005 through the date of this decision (20 C.F.R. §§404.1520(g) and 416.920(g)).

In plaintiff's briefing on this appeal the following appears:

At the time of the hearing, an initial MRI showing mild generalized brain atrophy was available (Tr. 31). However, Plaintiff's medical providers were waiting to do additional testing concerning the stroke diagnosis until after the May 21, 2008 surgery to see if the surgery

---

[4]This Finding totally disregards the fact that the plaintiff amended her onset date to when she attained age 50, which places her in the category of closely approaching advanced age.

>would relieve her symptoms (Tr. 31).

The rejoinder to this representation in defendant's brief is:

>Moreover, in her brief, Plaintiff references her testimony that she was scheduled to have surgery on her neck one week after her administrative hearing (on May 21, 2008), because her doctors diagnosed a problem with her neck which was causing numbness in her left arm (Tr. 28). Plaintiff's Brief at 11. Curiously, in her brief, Plaintiff does not allege whether she had the surgery which was allegedly scheduled on May 21, 2008. Id. Moreover, she has submitted no additional records to the ALJ, nor to the Appeals Council, regarding any such surgery. Equally significantly, she does not allege what limitations she has on account of her seemingly undiagnosed symptoms. Id. For all of these reasons, the record is insufficient to warrant the ALJ making a finding that Plaintiff had a severe impairment for any alleged undiagnosed neck/left arm condition (Tr. 12).

While this Court believes that defense counsel's criticism of plaintiff's counsel is well warranted, this Court also believes that her failure should not be the end of the inquiry.

Either there was an MRI report to be obtained, as the plaintiff maintained, or there was not.

If there was not, that would certainly reflect on the plaintiff's credibility.

If that report exists[5] it either does or does not support the plaintiff's claim of disability.

In this Court's opinion plaintiff's counsel has an obligation to this reviewing court to clearly state, and if appropriate document, which of these contingencies is correct.

By the same token, either the plaintiff did or did not undergo the surgery she testified lay one week ahead.

Again, if that surgery was not performed it would severely undermine the plaintiff's credibility and her claim of disability.

---

[5]This Court will not at this time address the proposition of the report not having been submitted to the Appeals Council.

6

If it was performed there must be a record of that procedure, which may or may not support the plaintiff's complaints of tingling in her left arm and hand affecting the use of that limb.[6]

Fulfilling her obligation to the court (as well as her client) plaintiff's counsel, in this Court's opinion, should have come forward with that evidence, regardless of whether it did or did not support her client's position, not simply allude in her brief to the plaintiff's testimony that the surgery was to occur.

This Court, therefore, directs plaintiff's counsel to tender a supplemental submission within twenty days filling in these holes in the record. The defense may respond thereto, if counsel deems it necessary, within ten days of the filing of that submission.

**IT IS SO ORDERED**.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: August 6, 2010

---

[6] While the development of that problem appears in the plaintiff's medical records after her amended 2006 onset date she would remain eligible for a DIB award and for SSI if she became disabled in 2008 as a result of such impairment.