UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Shirley Cooke, | : | Case No. 1:09CV0842 |
| | : | |
| Plaintiff | : | Judge Sara Lioi |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

On August 6, 2010 this Court entered a Memorandum Opinion and Order[1] (Doc. #21) which began "It grieves this Court to say that for the second time in a little over one week this Court has encountered a Social Security disability appeal in which precipitous action by an Administrative law Judge (ALJ) and incompetent performance by a plaintiff's counsel may have combined to deprive a claimant of benefits to which she may be entitled."

The precipitous action on the part of the ALJ, in this Court's opinion, was issuing a decision within five weeks of the May 14, 2008 de novo evidentiary hearing when he was, or should have been, aware that within a short period of time following that hearing additional medical evidence bearing on the plaintiff's claim of disability could be forthcoming.

The conduct of plaintiff's counsel which this Court found to be lacking was "Having heard her client testify that she was undergoing surgery one week later and that she was awaiting results

---

[1]This Court incorporates by reference those portions of that opinion setting out the procedural history of the action and the basis of the ALJ's decision.

of an MRI exam and having herself made the statement quoted above,[2] it is incredible to this Court that plaintiff's counsel sat mute in the face of the ALJ's statements that he knew all he needed to render a decision and intended to reach that decision that same day.  This Court cannot understand why plaintiff's counsel, to protect her clients interests, did not protest that the record should be kept open until the surgery was performed and the results known and/or the MRI report the plaintiff had alluded to could be obtained and submitted."

This Court then ordered plaintiff's counsel to file a supplemental submission setting out whether there was or was not an MRI report bearing on the plaintiff's claim of disability and whether the surgery the plaintiff testified she was to undergo a week after the hearing had in fact been performed, and if so to submit the medical records pertinent thereto.

Before addressing the issue of whether the additional evidence submitted by counsel warrants a remand under the sixth sentence of 42 U.S.C. §405(g) this Court must consider counsel's explanation for not requesting of the ALJ that the record he held open.

As set out in the submission in response to this Court's opinion, counsel's reason for this was that based upon her years of experience she believed from the ALJ's remark that he knew all he needed to know to decide the case he was prepared to issue a decision favorable to the plaintiff and that "The seemingly strong indication by the Court that no more evidence was necessary suggested this avenue would displease if not offend the ALJ, perhaps to the detriment of the claimant."

Be that as it may, in this Court's opinion that there was sufficient uncertainty in the ALJ's statement that counsel could, and should, have said something to the effect of "Your Honor, from what you have said I believe that you are prepared to issue a ruling favorable to my client, so that

---

[2]That statement was "So the stroke issue isn't cleared up and they haven't run any tests subsequent to that because of the, they've got to find out first if the surgery to the cervical clears up any of these symptoms that she's experiencing."

the additional medical is not necessary. If I have misinterpreted your statement please say so, and I will ask that you hold the record open for a reasonable period so that I can procure and submit the additional evidence." In this Court's opinion, such a statement should not offend the ALJ, and would protect the client.

Turning to the issue of whether remand is warranted pursuant to either the fourth or the sixth sentences of §405(g), this Court believes that either would be proper.

In this Court's opinion the ALJ's failure to keep the record open when he had been made aware that there was medical evidence that could be probative of the plaintiff's claim of disability violated his duty to fully and fairly develop the record. See, Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1051-1052 (6th Cir. 1983).[3]

If reversal and remand was not called for pursuant to the fourth sentence of §405(g) by reason of this consideration, this Court believes that it would be warranted under the sixth sentence of the statute, which provides for a remand for consideration of new and material evidence. In this case that evidence would be the MRI exam which according to a patient note entered May 22, 2008 demonstrated "multilevel spondydolytic disease with moderate cord compression and canal stenosis at C4-5 and C5-6. Foraminal stenosis present at C4-5 and C5-6, albeit worse on the right side as

---

[3] Although the claimant in Lashley was unrepresented, which imposed an even higher duty upon the ALJ, that duty exists in cases in which the plaintiff is represented by counsel. Battles v. Shalala, 36 F.3d 43, 44 (8th Cir. 1994).

opposed to the patient's clinical symptoms."[4]  The findings were of such a nature that the physician's recommendation was "decompression in either case at C4-C5 and possibly at C5-C6."

In this Court's opinion, if this evidence had been before the ALJ it is possible that he may have found in favor of the plaintiff.

This Court recognizes that in a note entered the day before it was stated that the plaintiff presented with an approximate three month history of left shoulder pain radiating down her arm into her fingers.  However, as recognized in footnote six to this Court's Memorandum Opinion of August 6th, if the plaintiff became disabled in 2008 she would remain eligible for an award of DIB and SSI, although certainly not as of her claimed onset date in 2005.

This consideration of what onset date the plaintiff might be entitled to if she was found to be disabled suggests to this Court that this case may end up being much ado about nothing, in that on subsequent applications another ALJ found the plaintiff disabled as of June 25, 2008, the earliest possible date by reason of the denial of benefits in this case on June 24th.  If it should turn out on remand that the plaintiff was to be found disabled but with an onset date in early 2008, consistent with the statement in May 2008 of a three month history of radiating pain in her left shoulder, the amount of benefits she would receive would probably be of such a minimal amount that it would hardly be worth dragging this matter out.  Whether the plaintiff would choose to abandon these claims by reason thereof is, of course, a proposition that she and her counsel must resolve.

---

[4]The MRI itself was read as reflecting "Advanced degenerative disease at C3-C4, C4-C5, C5-C6 as well as C6-C7 is noted. Axial imaging at C2-C3 demonstrates no canal foraminal narrowing. At C3-C4 degenerative disc disease with end-plate spurring is noted with foraminal encroachment on the left related to uncovertebral spurring. The right foramen is patent. Mild flattening on the left side of the thecal sac is [seen]. At C4-C5 a broad base bulge with spurring is noted with minimal flattening of the thecal sac and mild canal encroachment. The foramina are minimally encroached. At C5-C6 end plate spurring is seen with minimal flattening of the ventral thecal sac.  At C6-C7, end plate spurring disc complex is seen with moderate foraminal narrowing on the right and minimal foraminal narrowing on the left without canal encroachment, the remainder of the canal is patent.  There is no abnormal signal."

The fact that those benefits could be <u>de</u> <u>minimis</u> does not obviate plaintiff's entitlement to a judgment in her favor in this action, with reversal and remand for an ALJ to determine whether, in light of the additional medical evidence, the plaintiff was disabled prior to June 24, 2008, and if so when such disability commenced.

It is, accordingly, recommended that the defendant's final determination be reversed and this action remanded pursuant to both the fourth and sixth sentences of 42 U.S.C. §405(g).

        s/DAVID S. PERELMAN
        United States Magistrate Judge

DATE:   September 30, 2010

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).